# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASHU SHUKLA,**<br>     Plaintiffs,<br><br>v.<br><br>**UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEMS, PENN MEDICINE UNIVERSITY CITY, WEST WINDSOR POLICE DEPARTMENT, JOANNA ROHDE, ATTORNEY GENERAL OF THE UNITED STATES, UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF PENNSYLVANIA,**<br><br>     **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 20-5634** |

## MEMORANDUM

Ashu Shukla is a *pro se* plaintiff alleging that Defendants deprived him of his constitutional rights, violated federal and New Jersey law, and committed medical malpractice and related torts. For the reasons that follow, his claims will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for the failure to prosecute and failure to comply with court orders.

### I. BACKGROUND

Plaintiff alleges that the Defendants played varying roles in a conspiracy orchestrated by Defendant Joanna Rohde—a Human Resources manager of his former employer, Deloitte Consulting, LLC—to harass Plaintiff, fabricate his medical records, and have him involuntarily committed for mental health treatment. Defendants University of Pennsylvania Health Systems and Penn Medicine, Attorney General of the United States and United States Attorney for the Eastern District of Pennsylvania, and Joanna Rohde each moved to dismiss the claims against

them in early February 2021 (ECF 49, 50, & 51).[1]  The Court granted Plaintiff an extension first until March 5, 2021 and then until April 5, 2021 to file his responses.  He did not.  The Court then ordered Plaintiff to respond to the motions by April 29, 2021 or risk dismissal for failure to prosecute (ECF 96).  He still has not filed a relevant response.  Instead, Plaintiff has filed two letters largely discussing his employment discrimination claims against Deloitte Consulting, LLP, which is not a defendant in this case (ECF 97 & 98).

Furthermore, the Court ordered Plaintiff to file an unredacted Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3 with respect to his state law medical malpractice claims against the Penn Defendants by April 16, 2021 (ECF 95).  He has likewise failed to comply with this order.  In fact, in his most recent letter, he stated that he does not intend to file an unredacted Certificate (ECF 98).

As to the remaining Defendant, the West Windsor Police Department, Plaintiff has failed to provide proof of service in compliance with Federal Rule of Civil Procedure 4(j)(2), despite this Court's order that he do so by April 29, 2021 (ECF 96).  Instead, Plaintiff continues to erroneously maintain that he has properly served the West Windsor Police Department by mail,

---

[1] The motion to dismiss filed by another defendant, Capital Health Systems, was granted on January 26, 2021 and CHS was thereafter dismissed from the case (ECF 31 & 32).  The Court denied Plaintiff's motion to vacate that decision on February 19, 2021, and his later motion for relief from judgment pursuant to Federal Rule 60(b) on March 2, 2021.  Plaintiff filed a notice of appeal to the Third Circuit Court of Appeals regarding these decisions on March 3, 2021.  That appeal was docketed on March 4, 2021.

The pending appeal, however, does not deprive this Court of jurisdiction over the remaining claims and Defendants.  The decision granting CHS's motion to dismiss is not appealable as it is not a final order under 28 U.S.C. § 1291, nor is it an appealable collateral order under 28 U.S.C. § 1292.  *See Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985) ("[J]urisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable" (internal quotation marks and citation omitted)); *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("The March 17, 2010, order dismissing Whiteside—and not all of the defendants—was not a final order.  Rather, it was an interlocutory order that was not immediately appealable unless the District Court certified it under Rule 54(b), which it refused to do.").

despite West Windsor Police Department notifying him that such service is not compliant with Rule 4(j)(2) on numerous occasions. *Compare* ECF 54, 65, & 88 (explaining which rules govern service on a municipal corporation and offering to discuss proper service with Plaintiff), *with* ECF 93 & 98 (Plaintiff claiming he has completed service by mailing the summons and complaint); *see also, e.g., White v. Green*, 382 F. App'x 199, 202 (3d Cir. 2010) (explaining that service by mail does not constitute proper service on a local government under Federal Rule of Civil Procedure 4(j)(2)); *Bhimnathwala v. N.J. State Judiciary, Fam. Div.*, 2020 WL 7237947, at *6 (D.N.J. Dec. 9, 2020) (explaining that service by certified mail does not comply with the New Jersey Court Rules for service on public bodies requiring service by delivering a copy of the summons and complaint personally, on the presiding officer, clerk or secretary thereof).

## II.  DISCUSSION

Given Plaintiff's repeated failures to comply with court orders and prosecute this case, his claims will be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *See Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, as well as under the inherent power of the court, a case may be dismissed with prejudice for want of prosecution"). In reaching this decision, the Court finds that the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir.1984) weigh in favor of dismissal. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (affirming district court's dismissal for failure to prosecute or comply with court orders after consideration of *Poulis* factors). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal . . .; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (alterations omitted). First, Plaintiff is personally responsible for his conduct and the progress of his case as he is proceeding *pro se*. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"). Plaintiff offers no explanation for his repeated failures to comply with court orders or pursue his claims in the face of the pending motions to dismiss. Plaintiff is clearly aware of the recent orders, as he references them in his April 28, 2021 letter. And yet, he refuses to comply. Defendants are prejudiced by the continuous delays caused by Plaintiff's failure to respond to their motions to dismiss, serve process in compliance with the Federal Rules, and provide a Certificate of Merit as required under Pennsylvania state law.

The procedural history of this case also demonstrates Plaintiff's history of dilatoriness. In light of his *pro se* status, the Court has granted multiple generous extensions to afford Plaintiff every opportunity to pursue to his claims (ECF 69, 79, 86, 92, 95, 96). Still, Plaintiff has failed to timely file responses and comply with court-imposed deadlines. This is despite the Court's clear warning that the sanction for failure to comply would be dismissal of his claims for the failure to prosecute (ECF 96).

While the Court does not conclude that Plaintiff's conduct was in bad faith, his "conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent." *Emerson*, 296 F.3d at 191. In his April 28, 2021 letter, Plaintiff openly flouted the Court's order to file an unredacted version of his Certificate of Merit, asserting that "[t]his document will not be filed in an unredacted form . . . ." His stated reason for the redaction is attorney-client and physician-patient privilege. Of course, *pro se* Plaintiff does not have an attorney. Nor does he offer any explanation or legal authority for his claim that

4

revealing the name of the medical professional completing a form required under Pennsylvania law would violate any rule regarding physician-patient privilege. Plaintiff also openly refuses to comply with Court's April 18, 2021 order because he inexplicably deems it duplicative and redundant.

Moreover, the Court concludes that an alternative sanction such as a monetary sanction or attorney's fees would be ineffective against this individual *pro se* litigant whose financial situation is unknown. *See Briscoe*, 538 F.3d at 262-63 (concluding that "monetary sanctions, including fines, costs, or payment of attorneys' fees were unavailable" because a *pro se* litigant "had no attorney upon whom the District Court could impose the expenses for failing to comply with the court's orders").

Finally, the Plaintiff's failure to respond to the substance of the Defendants' motions to dismiss or provide a compliant Certificate of Merit suggests that his claims lack merit. Defendants' current motions to dismiss raise similar jurisdictional arguments to the successful arguments of Defendant Capital Health Systems, which Defendant the Court dismissed from the case on January 26, 2021. On par, the *Poulis* factors overwhelmingly support the Court's decision to dismiss the case in the face of Plaintiff's knowing and obstreperous delays and refusals to comply with Court orders.

A corresponding order follows.

**April 30, 2021**                                              **BY THE COURT:**

                                                                                          /s/Wendy Beetlestone, J.
                                                                                          **WENDY BEETLESTONE, J.**